101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda QUARRY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration, Defendant-Appellee.
 No. 95-4325.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1996.
 
 Before: LIVELY and NELSON, Circuit Judges, and HACKETT[1], District Judge.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from a district court order affirming denial of her claim for Social Security disability benefits. The plaintiff, Linda Quarry, applied for disability insurance benefits on August 26, 1991, claiming entitlement to benefits based on severe disabling impairments. She now makes claims for severe physical impairments related to back problems that resulted in corrective surgery, and for severe mental impairment based on a finding of borderline intellectual functioning together with depression and anxiety.
 
 
 2
 Following a hearing, an administrative law judge (ALJ) filed a decision discussing the plaintiff's claims and analyzing the medical evidence in the record. In addition to considering the lay and medical evidence, the ALJ heard the testimony of a vocational expert. In the end, the ALJ concluded that the plaintiff has the residual functional capacity to perform the physical exertion and nonexertional requirements for sedentary work, with certain restrictions. He also found that the plaintiff's claims of disability were not wholly credible, pointing to various statements by the plaintiff's treating physicians to the effect that the plaintiff had exaggerated her symptoms.
 
 
 3
 Following denial of review by the Appeals Council, Mrs. Quarry filed the present action in district court. The district judge referred the case to a magistrate judge, who determined that there was not substantial evidence to support the finding that the plaintiff could perform sedentary work, and recommended that judgment be entered in favor of Mrs. Quarry. On de novo review, however, the district judge found that the ALJ's determination that Mrs. Quarry was not disabled within the meaning of the Social Security Act is supported by substantial evidence on the record as a whole. See Born v. Secretary of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990). Accordingly, the district court entered an order affirming the decision of the Secretary of Health and Human Services denying benefits.
 
 
 4
 The Commissioner of Social Security has been substituted for the Secretary of Health and Human Services, and the appeal was submitted to the court following oral argument. Before us, the plaintiff contends that the district court committed reversible error in finding that she did not establish the presence of disabling pain or severe mental impairment sufficient to qualify for benefits. Upon careful review of the administrative record and consideration of the briefs and oral arguments of counsel, this court AFFIRMS for the reasons set forth in the order entered by the district court denying benefits.
 
 
 
 [1]
 The Honorable Barbara Hackett, District Judge, Eastern District of Michigan, sitting by designation